## MARY KENT *versus* STEPHEN KENT.

Where, after land owned in common had been divided by commissioners, one of the
tenants entered on that portion thereof which had been assigned to the other, and
cut down and carried away a tree, it was *held*, that evidence of a parol license
from such other tenant, granted previously on making a parol partition and renewed
at the time when the commissioners were dividing the land, was admissible to show
that the act was done with his consent, although it was incompetent to control the
effect of this last partition.

The provision in the statute of frauds, that no action shall be maintained on any
agreement that is not to be performed within one year from the making thereof,
unless the same be in writing, does not extend to an agreement that one party may
cut certain trees on the land of the other at any time within ten years, for such an
agreement may be performed within one year.

DEBT upon *St.* 1817, *c.* 73, for entering the close of the
plaintiff, and cutting down and carrying away an oak tree of
the value of $ 30, whereby the defendant was alleged to have
incurred a penalty of five. times the value of the tree.   The
defendant relied upon a license from the plaintiff as a defence.

At the trial, before *Shaw* C. J., it appeared, that, prior to
1834, the plaintiff was tenant in common with the defendant
of a lot of land including the close, the defendant claiming in
right of his wife ; that in November 1834, a partition was duly

made and confirmed by this Court, oy which the close was assigned to the plaintiff in severalty, without any exception or reservation ; that the defendant and Jacob Kent, the deceased husband of the plaintiff, holding in the right of his wife, had previously, for their own convenience, made a parol partition of the land and of the trees growing therein ; and that the trees which were to belong to the defendant were then marked, it being agreed that he should cut and take them away for his own use, as he pleased, and that those which remained unmarked should belong to Jacob.

In order to establish the license contended for, the defendant offered evidence to show, that when the commissioners were proceeding to make partition, it was agreed by the parties, that they should be requested not to take into consideration the value of the trees growing on the lot, but that the former parol agreement in relation thereto should be carried into effect, and that either party should have liberty to enter and take away the trees assigned to such party by the former agreement, at any time within ten years. This evidence was admitted *de bene esse*, the question of its admissibility being reserved.

The commissioners, being called as witnesses, testified, that in making the partition they acted upon the faith of this agreement, and did not take the trees into account in making their estimate of the value of the purparties.

No evidence was offered to show, that the plaintiff had ever forbidden the defendant to cut the marked trees, or had revoked her license, if any was ever given. The tree in question was one of those marked as belonging to the defendant.

It was insisted on the part of the plaintiff, that the evidence of the parol agreement was inadmissible, it being offered to control and vary the partition, which was matter of record ; and that such agreement did not amount in law to a license, under which the defendant could justify.

The defendant contended, that such agreement legally operated as a license for ten years ; but that if it was not available as such, it was a good license till it was revoked ; and that as no revocation had taken place when the supposed trespass was done, it was a good justification of that act and a defence to this action.

By consent the case was left to the jury, upon the evidence, to find the value of the tree ; and they returned a verdict for the plaintiff, assessing the value at the sum of $ 18.

If the Court should be of opinion, that the plaintiff was entitled to recover, judgment was to be entered for her, upon the verdict ; otherwise the verdict was to be amended, so as to stand as a general verdict for the defendant.

*Saltonstall* and *Marston*, for the defendant, to the point, that the evidence of the parol agreement was admissible, cited Stark. on Evid. 1049, 1050, and notes.

*Gerrish*, for the plaintiff, to the point, that if the parol agreement was equivalent to a license, it was revoked by the partition made by the commissioners, cited *Pond* v. *Pond*, 14 Mass. R. 403.

WILDE J. afterward drew up the opinion of the Court. It was insisted on the part of the plaintiff, that evidence of a parol license, to control the effect of the partition, was inadmissible, and undoubtedly if it had been offered for that purpose it would have been ; but it was offered for no such purpose, nor could it have any such effect. It was offered merely to show, that the defendant entered, and did the act complained of, with the plaintiff's consent, and therefore was no trespasser. That a parol license is sufficient for this, can admit of no doubt.

In the next place the plaintiff's counsel contend, that the parol license was revoked by the partition. This might have been so had not the license been renewed at the time of the partition. But as it was renewed in reference to the partition, and was to take effect after its completion, this implied revocation is clearly rebutted.

The only remaining question is, whether the parol agreement is void by the statute of frauds ; and we are clearly of opinion that it is not. By the first section of the statute of 1788, *c*. 16, it is enacted, that no action shall be maintained on any agreement that is not to be performed within the space of one year from the making thereof, unless the agreement, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized. This branch of the statute extends only to such agreements as are not to be

*Kent*
*v.*
*Kent*

*Nov 10th*

*May term 1837.*

performed within a year and expressly and specifically so stip
ulated ; and not to agreements which may be performed within
a year, although not performed until afterwards.  1 Com.
Contr. 86 ; 1 Salk. 280 ; 3 Burr. 1278 ; Skin. 353.  In this
case the trees might have been taken away within the year,
although in fact they were not.   Whether the license was oi
was not revocable, is a question upon which we give no opin-
ion, as there was no proof of any revocation.

The verdict, according to the agreement of the parties, is
to be altered and amended, so as to stand as a general ver-
dict for the defendant.

*Judgment for the defendant.*